UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------ x

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. |
| v. | : | Filed: |
| BROADCOM VOICE & DATA, INC., | : | Violation:   15 U.S.C. § 1 |
| | : | |
| Defendant. | : | **06CRIM. 899** |
| | : | |

------------------------------ x

## PLEA AGREEMENT

The United States of America and the defendant, Broadcom Voice & Data, Inc., hereby enter into the following Plea Agreement ("Agreement") pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure.

## AGREEMENT TO PLEAD GUILTY

1.  Broadcom Voice & Data, Inc. ("Broadcom") will plead guilty in the United States District Court for the Southern District of New York to a one-count Information, in the form attached, in which it is charged with one count of violating 15 U.S.C. § 1 in connection with a conspiracy to rig bids and allocate contracts for the sale of telecommunications equipment and services to Mount Sinai School of Medicine and The Mount Sinai Hospital ("Mount Sinai"), from approximately January 2001 through October 2004.

2. If Broadcom fully complies with the understandings specified in this Agreement, it will not be further prosecuted criminally by the Antitrust Division of the Department of Justice for crimes committed prior to the date of this Agreement arising from the following activity, as specified in the attached Information: (a) any agreement to rig bids or allocate contracts to supply Mount Sinai with telecommunication equipment and services; and (b) the payment of money to employees or agents of Mount Sinai. This Agreement does not provide any protection against prosecution for any crimes except as set forth above. This Paragraph does not apply to civil matters of any kind, any violations of federal securities or tax laws, or crimes of violence.

3. It is understood that this Agreement does not bind any federal, state, or local prosecuting authority other than the Antitrust Division.

## POSSIBLE MAXIMUM PENALTIES

4. Broadcom understands that, pursuant to 15 U.S.C. § 1 and 18 U.S.C. § 3571, the maximum sentence provided by law to which it is subject for its violation of 15 U.S.C. § 1, a class C felony, is a fine of not more than the greatest of $100 million or the greater of twice its gross pecuniary gain from the offense or twice the victim's gross pecuniary loss from the offense. Broadcom also understands that, pursuant to 18 U.S.C. §§ 3551 and 3561 and USSG § 8D1.2, the Court may sentence it to a term of probation of between one and five years. Broadcom also understands that, pursuant to 18 U.S.C. § 3563(b)(2) and USSG § 8B1.1, the Court may impose an order of restitution. In addition,

Broadcom understands that, pursuant to 18 U.S.C. § 3013(a)(2)(B), the Court must impose a special assessment of $400.

## SENTENCING GUIDELINES

5.  Broadcom understands that United States Sentencing Guidelines ("Sentencing Guidelines") are advisory, not mandatory, but that the Court must consider the Sentencing Guidelines in effect on the day of sentencing, along with the other factors set forth in 18 U.S.C. § 3553(a), in determining and imposing a reasonable sentence. Broadcom understands that the Sentencing Guidelines determinations will be made by the Court by a preponderance of the evidence standard. Broadcom understands that although the Court is not ultimately bound to impose a sentence within the applicable Sentencing Guidelines range, its sentence must be reasonable based upon considerations of all relevant sentencing factors set forth in 18 U.S.C. § 3553(a).

6.  The United States and Broadcom agree and stipulate that, pursuant to USSG § 1B1.11(a), the November 2005 version of the Sentencing Guidelines, the version in effect at the time of sentencing, should be applied.

7.  The United States and Broadcom agree and stipulate that the volume of commerce attributable to Broadcom under USSG § 2R1.1(b)(2) is $ 1,776,000.

8.  The United States and Broadcom agree and stipulate that the fine range for Broadcom for the offense charged in the attached Information is from $355,200 to 710,400 (the "Stipulated Guidelines Range"), calculated as follows:

3

(a) Pursuant to USSG § 8C2.4(a)(3) and § 2R1.1(d)(1), the base fine is $355,200 (20% of the $1,776,000 volume of commerce);

(b) Pursuant to USSG § 8C2.5, Broadcom has an organizational culpability score of 5, pursuant to USSG § 8C2.5(a), with a one-point increase pursuant to USSG § 8C2.5(b)(5) because the organization had 10 or more (but fewer than 50) employees and an individual within substantial authority personnel participated in the offense, and a one-point deduction pursuant to § 8C2.5(g) because the organization clearly demonstrated recognition and affirmative acceptance of responsibility for its criminal conduct;

(c) Pursuant to USSG § 8C2.6, a culpability score of 5 leads to a minimum multiplier of 1.0 and a maximum multiplier of 2.0; and

(d) Pursuant to USSG § 8C2.7(a) and (b), the fine range is $355,200 to $710,400.

9.      Broadcom further agrees that a fine of $355,200 to $710,400 would constitute a reasonable sentence in light of all the factors set forth in Title 18, U.S.C. § 3553(a). However, either party may seek a sentence outside this range, suggest that the Probation Department consider a sentence outside of this range, or suggest that the Court sua sponte consider a sentence outside of this range, based on factors to be considered in imposing a sentence pursuant to Title 18, U.S.C. §§ 3553(a) and 3572(a).

10.     Except as provided in any written Proffer Agreement(s) that may have been entered into between the Antitrust Division and the defendant, nothing in this

4

agreement limits the right of the parties (i) to present to the Probation Department or the Court any facts relevant to sentencing; (ii) to make any arguments regarding where within the Stipulated Guidelines Range (or such other range as the Court may determine) the defendant should be sentenced and regarding the factors to be considered in imposing a sentence pursuant to Title 18, U.S.C. Section 3553(a); (iii) to seek an appropriately adjusted Sentencing range if it is determined based upon new information that the defendant's organizational culpability score is other than 5.  Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, see USSG § 3E1.1, and/or imposition of an adjustment for obstruction of justice, see USSG § 3C1.1, regardless of any stipulation set forth above, should the defendant move to withdraw its guilty plea once it is entered, or should it be determined that the defendant has either (i) engaged in conduct, unknown to the United States at the time of the signing of this Agreement, that constitutes obstruction of justice or (ii) committed another crime after signing this Agreement.

11.     It is understood that pursuant to Sentencing Guidelines § 6B1.4(d), neither the Probation Department nor the Court is bound by the above Sentencing Guidelines stipulations, either as to questions of fact or as to the determination of the proper Sentencing Guidelines to apply to the facts.  In the event that the Probation Department or the Court contemplates any Sentencing Guidelines adjustments, departures, or calculations different from those stipulated to above, or contemplates any sentence

5

outside of the Stipulated Guidelines Range, the parties reserve the right to answer any inquiries and to make all appropriate arguments concerning the same.

12. It is understood that the sentence to be imposed upon the defendant is determined solely by the Court. It is understood that the Sentencing Guidelines are not binding on the Court. The defendant acknowledges that its entry of a guilty plea to the charged offense authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence. The United States cannot, and does not, make any promise or representation as to what sentence the defendant will receive. Moreover, it is understood that the defendant will have no right to withdraw its plea of guilty should the sentence imposed by the Court be outside the Stipulated Guidelines Range set forth above.

13. The United States and Broadcom agree that Broadcom will not appeal or otherwise litigate under 28 U.S.C. §§ 2241 and/or 2255, any sentence within or below the fine range set forth in this Agreement, and that the Government will not appeal any sentence within or above the fine range. It is further agreed that any sentence within the fine range is reasonable. This provision is binding on the parties even if the Court employs a Sentencing Guidelines analysis different from that set forth in this Agreement. Furthermore, it is agreed that any appeal regarding the sentence of Broadcom that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) the above stipulation.

14.     Broadcom understands that this Agreement does not in any way affect or limit the right of the United States to respond to and take positions on post-sentencing motions or requests for information that relate to reduction or modification of sentence.

15.     Broadcom understands and agrees that should its conviction following its plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement (including any counts that the Government has agreed to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against either defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution.  It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

## **REPRESENTATION BY COUNSEL**

16.     Broadcom has been represented by counsel and is fully satisfied that its attorney has provided competent legal representation.  Broadcom has thoroughly reviewed this Agreement and acknowledges that counsel has advised it of the nature of the charge, any possible defenses to the charge, and the nature and range of possible sentences.

## **VOLUNTARY PLEA**

17.     The defendant hereby acknowledges that it has accepted this Agreement and decided to plead guilty because it is in fact guilty. By entering this plea of guilty, the defendant waives any and all right to withdraw its plea or to attack its conviction, either on direct appeal or collaterally, on the ground that the United States has failed to produce any discovery material, Jencks Act material, exculpatory material pursuant to <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), other than information establishing the factual innocence of the defendant, and impeachment material pursuant to <u>Giglio v. United States</u>, 405 U.S. 150 (1972), that have not already been produced as of the date of the signing of this Agreement.

18.     Broadcom's decision to enter into this Agreement and to tender a plea of guilty is freely and voluntarily made and is not the result of force, threats, assurances, promises, or representations other than the representations contained in this Agreement. The United States has made no promises or representations to Broadcom as to whether the Court will accept or reject the recommendations contained within this Agreement.

## **ENTIRETY OF AGREEMENT**

19.     This Agreement constitutes the entire agreement between the United States and Broadcom concerning the disposition of the charge contained in the attached Information. The United States has made no other promises to or agreements

8

with Broadcom. This Agreement cannot be modified other than in a writing signed by the parties Dated: 9/29/06

_____
BROADCOM VOICE & DATA, INC.
By Rosaleen O'Leary, President

_____, ESQ.
Counsel for Broadcom Voice & Data, Inc.

_____
REBECCA MEIKLEJOHN

_____
ELIZABETH B. PREWITT

Attorneys
Department of Justice, Antitrust Division
26 Federal Plaza, Room 3630
New York, NY 10278
Phone: (212) 264-6884

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: SEP 2 9 2006

9